STATE OF TENNESSEE )   3:21-CV-666

) S/S AFFIDAVIT OF Jon D. Hall

COUNTY OF DAVIDSON )

RECEIVED JUL 17 2024 US DISTRICT COURT MID DIST TENN

To whom it may concern: this is an Affidavit of Complaint.

**A.** I AM A WITNESS to the event in question that occurred on the 27th day of April 2024. I am over the age of eighteen, of sound mind, and competent to make the relevant statements contained in this declaration, admissible under Federal Rules of Evidence, Rule 401. MY NAME IS: **Jon Hall**.

**B.** MY ADDRESS IS: Riverbend Maximum Security Institution (R.M.S.I.)

Unit 2, A pod, Cell 208, 7475 Cockrill Bend Blvd. Nashville, Tennessee 37209.

**C.** THIS IS MY STATEMENT about what happened, when I saw, overheard, or otherwise have personal knowledge about the following incident in question, by saying: this is a true and correct account of this event, based on my personal knowledge of: who, did what, where, to whom, when, how and why. This statement shows my knowledge of these relevant listed facts. My information is as follows:

FACTUAL ALLEGATIONS: HALL'S GRIEVANCE # 24-0148/00365819

1. On April 27, 2024, Corporal Pamela Sweeney started her work day off at R.M.S.I. yelling in Unit 2, in A-pod at 6:30 - 6:40 A.M., informing the prisoners, that **Warden Zachary Pounds** was not on duty anymore and replaced by the Assistant Commissioner for the Department of Corrections. Terminate Employee; and Human Resources Termination guidelines.

2. After the announcement about the Warden was made, Nick Johnson # 421296 asked Corporal Sweeney whether or not she was going to run the recreation program today?

3. Corporal Sweeney griped administration did not send down enough officers to run it.

4. Nick Johnson asked her to call the Shift captain to get someone down here to run the rec-yard, due to an ongoing problem with Unit 2 staff not wanting to run the rec-yard as per policy.

5. Corporal Sweeney got loud and told Nick Johnson, that she wasn't going to call the shift captain because they know how many people they sent her down to run the Unit. See: e.g. **EXHIBIT 1** (Nick Johnson's May 4, 2024; Affidavit of complaint).

6. Nick Johnson requested that Corporal Sweeney call Captain Jones to tell them to send someone down (as per grievance # 24-0089/00364960), she was very confrontational. She was very loud and extremely agitated, and said quit arguing with me several times in a loud voice, and I'm not going to do it. See: e.g. **EXHIBIT 2**, (Nick Johnson Rec Yard Grievance),

1

7. At approximately 10:30 A.M., Corporal Sweeney was performing her security checks, and when she got to the Affiants door at U-2, A-208, Mr. Hall asked Corporal Sweeney to let him out of his cell to go to the law library. See: e.g. **EXHIBIT 3, <u>TDOC Memo from new Unit Manager, S.C. Burnette (dated May 9th 2024; Subject: Unit 2 Daily Schedule).</u>**

8. During the 10:30 A.M. confrontation between Mr. Hall, and Corporal Sweeney, she got loud and confrontational with the Affiant, and asked him: why didn't he go to the law library at the 8:00 A.M. call out. This entire event should be recorded on RMSI U-2-Apod video surveillance equipment.

9. Mr. Hall told Corporal Sweeney he was <u>not</u> notified of any changes concerning the availability to go to the Law Library, and he wanted to go the Law Library during the 10:30 A.M. call-out. Corporal Sweeney invidiously discriminated against Mr. Hall by denying him the same rights as other similarly-situated inmates to go to the Law Library. See: e.g. **EXHIBIT 4**, (May 4, 2024; Affidavit of Jonathan W. Stephenson # 140145). <u>Jonathan Stephenson's affidavit.</u>

10. When Mr. Hall tried to explain his constitutional rights to Corporal Sweeney and ***informed her*** that she should not be promulgating and enforcing unwritten rules, during his encounters to make her cognitively aware of Unit 2 prisoner rights, things got loud and she said "you are done." Later she even refused to let Mr. Hall exercise his right to go to the rec-yard after the 12:00 O'clock noon count cleared. See: e.g. **EXHIBIT 5**, (April 28, 2024; S/S Affidavit of Henry Lee Jones # 455040).

11. At 1:15 P.M., a guard with a shirt tag US Beaver, (Tattooed behind ear like a prison number) came down and spoke to Mr. Hall at his door, and asked him what happened?

12. Mr. Hall explained to Lieutenant Beaver that Corporal Sweeney was not following TDOC policy, by not running the Unit 2 court ordered programs, as per the settlement agreement that Interim Commissioner, Lisa Helton, made between her and Mr. Hall's court appointed **Guardian Ad Litem, Mr. Bradley A. Maclean** on 3/25/22, in <u>Jon Hall v. Donald Trump et. al.</u>, 3:19-cv-00628, document 123-1, PageID 1326-1349. See: e.g. **EXHIBIT 6** (<u>3/25/22; settlement agreement.</u>)

13. Lieutenant Beaver started to leave the April 27, 2024 1:15 P.M. encounter at Mr. Hall's cell door and then turned around informed Mr. Hall that was being wrote-up for threatening an employee. Threatens his classification. See: e.g. <u>Retaliation facts \ attempt at Hall's Classification points</u>. Notice: Exhibit 6, supra fact § 12, PageID # 1330, assurances, contempt, and socialization opportunities clauses, 10., **14., 15.**, 20, & 21. <u>Linda Thomas - grievance solution - good faith duty.</u>

14. When Mr. Hall asked **Lieutenant Beaver**: What was the threat, he could not tell him, and said that he will find out. Thus, Mr. Hall was maliciously retaliated against in the foregoing manner (without any objective probable cause) *for reporting Corporal Sweeney's invidious discrimination regarding the assertion of Mr. Hall's protected speech* and denied him the equal protection of the law. <u>NOTE</u>: TDOC 502.01 VI., E. 3, pg. 6 (Staff entering report ***shall be trained***).

2

15. At 2:45 P.M., on April 27, 2024, Mr. Hall gave the new Unit Manager, Mr. Burnette a copy of his forgoing typewritten statement regarding what had occurred here on unit 2 that morning and through to the current afternoon events (similar to the one attached to his disciplinary report), but ***Mr. Burnette failed to correct the deprivation of Mr. Hall's expressed rights***, and instead focused only on Nick Johnson's Unit 2 rec-yard complaint.

16. At 3:00 P.M., on April 27, 2024, Corporal Sweeney finally ran rec-yard for B-C level inmates.

17. On April 28, 2024, at 01:15 A.M. Mr. Hall was served a copy of the write-up (Incident # 1623196), that failed to show a claim upon which relief could be granted under **TDOC Policy 502.01, (Uniform Disciplinary Procedures) VI., L. f, [1], at pages 18-19.** See: e.g.. **EXGHIBIT 7** (04/27/24 Write-up; incident # 01623196), claiming in pertinent part: "Inmate Hall became upset and started to *threaten Corporal Sweeney* ... by stating ***"You better have a good attorney because you cannot do this!"*** Inmate Hall is charged with threatening staff. This shows awareness...

18. On April 29, 2024, at 12:44 A.M., Corporal Henry placed a copy of Mr. Hall's retaliation grievance in grievance box, that properly alleged that I was wrongfully charged with threatening an employee, because Corporal Sweeney arbitrarily and discriminatory retaliated against him by denying him access to the law library at 10:30 A.M. call-out, to conceal the violation. COMPARE; Winston v. Coughlin, 789 F.Supp. 118, 120-21 (W.D.N.Y. 1992) (Holding that officers filed fabricated reports to conceal their Eighth Amendment violations, stated a claim).

19. On May 1, 2024, at approximately 2:40 P.M. *Mr. Hall was wrongfully found guilty by **Disciplinary Chairperson Raymond Moyer***, in spite of having actual knowledge of the same law presented and facts shown to the warden in this matter, and imposed a (5) day punitive sentence on Mr. Hall in front of inmate Terry King # 103306, and assessed that five days (as time-served).

20. On May 6, 2024, acting warden, Jason Clendenion dismissed incident report # 01623196, based upon the facts and law Hall presented at the 5/1/24 hearing, and stated: *"dismissed per acting warden Clendenion outburst from inmate deemed non-threatening but an expression of this inmate's rights."* See: e.g. **EXHIBIT 8** (Warden Clendenion's dismissal of write-up – non-threatening / expression of inmate's rights).

21. Following the encounter with Corporal Sweeney on **April 27, 2024,** starting at about 10:30 A.M., until meeting with the disciplinary board chairperson on **May 1, 2024,** at 2:18-2:43 P.M., for a formal disciplinary hearing held at his cell door at U-2-A-208. Mr. Hall was denied his sanity, for expressing his protected rights, based upon TDOC's failure to perform basic tasks':

> a. Substantive constitutionally protected procedural due process rights to be permitted to continue his/her normal duties pending the hearing, in violation of **TDOC Uniform Disciplinary Procedures, Policy, 502.01 VI., F., 1, 2 (a)-(c) and 3. page 6 of 36** See: e.g. **EXHIBIT 9** (Richard Odom's inmate pay grievance, attachment # 2; Odom's Rock-man pay for May-June 2024).

3

b. The record shows that Mr. Hall was held in **punitive segregation** without being found guilty of a viable disciplinary rule violation, and denied $ 2.88 from his rock-man pay in June as compared to inmate Mr. Richard Odom # 215639, thus seriously impacting both his ordinary substantive procedural constitutionally protected liberty, and property interests, caused by the wanton, deliberate indifference and outrage against a protected prisoner's expressed first amendment rights. See: e.g. **EXHIBIT 10** (Hall's Rock-man pay for May-June 2024; to obtain the basic status, i.e. necessities of life); by denying him his sanity, and:

(i) normal communal worship service held on Sunday April 28, 2024;
(ii) his assigned Education for Christian ministry program on 4\30\24;
(iii) daily recreation privileges on 4/27/24-5/1/24 (Policy 503.03); and
(iv) access to the law library 4/27/24-5/1/24.

c. Mr. Hall was knowingly, intentionally, purposely, wantonly, cruelly, and with malicious intent to cause harm, punished for exercising protected constitutional rights without penological justification, in violation of TDOC disciplinary policies and procedures. **T.C.A. § 39-16-502, § 39-16-510, § 39-16-403, 41-1-103, or 18 U.S.C. § 241, 242** without the formal precondition of finding of guilt. Adversely affecting Hall's rehabilitation regarding re-socialization. D.E. 141-motion to alter or amend. PageID 1564-1584 (Psych problems). See Hall v. Carpenter, 1:05-cv-01199-JDB-egb, Doc. 100, PageID 926-934 (Expert opinion – Hall's brain damage); andD:\Retaliation facts\Jon's Mental Health.pdf Incumaga v. Stirling, 791 F.3d 517, 534 (4th Cir. 2015).

Based on TDOC employees' retaliation over Mr. Hall's protected speech, and the denial of a court ordered program; Mr. Hall was forced to suffer Corporal Sweeney's abuse of process (false charges), and excessive use of force / confinement (abuse of power), acting in concert to wantonly inflict malicious physical and mental punishment *beyond the scope of their power and authority,* and subsequently denied Mr. Hall's substantive procedural due process rights to equal protection of the law, in violation of Mr. Hall's First, Fourth, Fifth, Eighth, and Fourteenth U.S.C.A. Constitutional Amendments. Martin Horn's prison expert report, D.E. 146, PageID 1682-1698; and D.E. 79, PageID 829-833 (Multiple punishments for one offense).

"I Jon Hall, DECLARE UNDER PENALTY OF PERJURY, that the foregoing information is true and correct, and based on firsthand knowledge." Carter v. Clark, 616 F.2d 228 (5th Cir. 1980) (28 U.S.C. § 1746; declaration under penalty of perjury). Further affiant says not.

*Jon Hall* (signature)
Jon Hall #238941
R.M.S.I, Unit 2 A-208
7475 Cockrill Bend Blvd.
Nashville, Tennessee 37209

EXECUTED on this the 8th day of July 2024.

4





Henry Lee Jones #455040
R.M.S.I. UNIT-2 A-105-CELL.
7475 COCKRILL BEND BLVD.,
NASHVILLE, TN. 37209-1048

RECEIVED
JUL 10 2024
RMSI MAILROOM
OUTGOING LEGAL

The Dept of Corrections/RMSI HAS NOT inspected nor censored and is not responsible for the contents

LEGAL MAIL

CASE NO. 3:21-CV-00666
CLERK, UNITED STATES DISTRICT
OF TENNESSEE
HONORABLE ALETA A. TRAUGER / HONORBLE
BARBARA D. HOLMES U.S. MAGISTRATE
MIDDLE DISTRICT OF TENNESSEE
719 CHURCH STREET, SUITE 1300
NASHVILLE, TENNESSEE 37203

OFFICIAL BUSINESS